DALY, LAMASTRA, CUNNINGHAM,
KIRMSER & SKINNER
202 Hall's Mill Road
PO Box 1675
Whitehouse Station, NJ 08889-1675
(908) 572-3600
Attorneys for Defendants
   Paul Tom and Sentel Corporation

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY - CAMDEN

| | |
|---|---|
| RODNEY WILLIAMS,<br><br>    Plaintiff,<br><br>    v.<br><br>SENTEL CORPORATION, PAUL TOM, individually and in his capacity as a supervisory employee of SENTEL; JOHN AND JANE DOES (1-10), supervisors, employees, agents, heirs, assigns and managers of Sentel Corporation, who participated in any decisions concerning the employment actions regarding Rodney Williams,<br><br>    Defendants, | CIVIL ACTION NO. 1:16-cv-01554-JHR-JS<br><br>**ANSWER TO COMPLAINT AND DESIGNATION OF TRIAL COUNSEL** |

Defendants, Paul Tom and Sentel Corporation by way of Answer to Complaint, say:

## ANSWER

1. Defendants admit the allegations contained in Paragraph 1 of the Complaint except states that plaintiff was an employee of SENTEL Corporation not SENTEL, Inc.

2. Defendants deny the allegations contained in Paragraph 2 of the Complaint.

3. Defendants admit the allegations contained in Paragraph 3 of the Complaint.

1

4. The allegations contained in Paragraph 4 of the Complaint are denied as they relate to these defendants and these defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations as they relate to the other defendants.

5. Defendants deny the allegations contained in Paragraph 5 of the Complaint.

6. Defendants admit the allegations contained in Paragraph 6 of the Complaint and state that all SENTEL employees working on projects are responsible for project success regardless of their title or role.

7. Defendants deny the allegations contained in Paragraph 7 of the Complaint.

8. Defendants admit the allegations contained in Paragraph 8 of the Complaint.

9. Defendants deny the allegations contained in Paragraph 9 of the Complaint and refer to the performance reviews referenced in the Complaint for their content.

10. Defendants deny the allegations contained in Paragraph 10 of the Complaint and refer to the performance reviews referenced in the Complaint for their content.

11. Defendants admit that plaintiff was assigned as Technical Support Lead on the NEXGEN project and deny the remaining allegations contained in Paragraph 11 of the Complaint except to state that all members of the team received a letter of commendation from Ms. Lewis and refer to the letter for its contents.

12. Defendants admit the allegations contained in Paragraph 12 of the Complaint except they deny that Tom was unable to provide specifics or constructive criticism.

13. Defendants admit the allegations contained in Paragraph 13 of the Complaint.

14. Defendants deny the allegations contained in Paragraph 14 of the Complaint.

15. Defendants deny the allegations contained in Paragraph 15 of the Complaint.

16. Defendants admit that August 13, 2014 plaintiff meet with Chris Gates and deny the remaining allegations contained in Paragraph 16 of the Complaint.

17. Defendants admit that Tom told plaintiff he was placed in a leadership position for the NEXCOM project as a way to "redeem" himself for his performance on the RWSL project and deny the remaining allegations contained in Paragraph 17 of the Complaint.

18. Defendants deny the allegations contained in Paragraph 18 of the Complaint.

19. Defendants deny the allegations contained in Paragraph 19 of the Complaint.

20. Defendants deny that plaintiff or any Sentel Employee was subjected to discriminatory conduct as alleged in Paragraph 20 of the Complaint.

21. Defendants deny the allegations contained in Paragraph 21 of the Complaint.

22. Defendants deny the allegations contained in Paragraph 22 of the Complaint.

23. Defendants deny the allegations contained in Paragraph 23 of the Complaint.

24. Defendants deny the allegations contained in Paragraph 24 of the Complaint.

25. Defendants deny the allegations contained in Paragraph 25 of the Complaint.

## ANSWER TO COUNT I

Defendants deny the allegations contained in Count I of the Complaint.

## ANSWER TO COUNT II

Defendants deny the allegations contained in Count II of the Complaint.

## ANSWER TO COUNT III

Defendants deny the allegations contained in Count III of the Complaint.

## ANSWER TO COUNT IV

Defendants deny the allegations contained in Count IV of the Complaint.

## ANSWER TO COUNT V

Defendants deny the allegations contained in Count V of the Complaint.

## ANSWER TO COUNT VI

Defendants deny the allegations contained in Count VI of the Complaint.

## ANSWER TO COUNT VII

Defendants deny the allegations contained in Count VII of the Complaint.

## ANSWER TO COUNT VIII

Defendants deny the allegations contained in Count VIII of the Complaint.

## ANSWER TO COUNT IX

Defendants deny the allegations contained in Count IX of the Complaint.

## ANSWER TO COUNT X

Defendants deny the allegations contained in Count X of the Complaint.

## ANSWER TO COUNT XI

Defendants deny the allegations contained in Count XI of the Complaint.

## ANSWER TO COUNT XII

Defendants deny the allegations contained in Count XII of the Complaint.

## ANSWER TO COUNT XIII

Defendants deny the allegations contained in Count XIII of the Complaint.

## ANSWER TO COUNT XIV

Defendants deny the allegations contained in Count XIV of the Complaint.

## ANSWER TO COUNT XV

Defendants deny the allegations contained in Count XV of the Complaint.

## ANSWER TO COUNT XVI

Defendants deny the allegations contained in Count XVI of the Complaint.

## ANSWER TO COUNT XVII

Defendants deny the allegations contained in Count XVII of the Complaint.

## AFFIRMATIVE DEFENSES

### FIRST AFFIRMATIVE DEFENSE

Defendants were not parties to any express or implied contract with plaintiff.

### SECOND AFFIRMATIVE DEFENSE

While expressly denying the existence of any contractual obligations to plaintiff, these defendants breached no contractual obligation to plaintiff.

### THIRD AFFIRMATIVE DEFENSE

Plaintiff is an employee-at-will and has no express or implied contract with these defendants.

### FOURTH AFFIRMATIVE DEFENSE

Plaintiff's tortious interference claim is barred because plaintiff did not have a contract or protectable right.

### FIFTH AFFIRMATIVE DEFENSE

Defendants did not act intentionally or with malice.

### SIXTH AFFIRMATIVE DEFENSE

No action of these defendants proximately caused the alleged interference.

### SEVENTH AFFIRMATIVE DEFENSE

While expressly denying the existence of any contractual obligations to plaintiff, plaintiff's claim for tortious interference is barred because these defendants were party to the alleged contract with plaintiff.

## EIGHTH AFFIRMATIVE DEFENSE

Defendants took no action to interfere with plaintiff's alleged contractual right and/or prospective economic advantage.

## NINTH AFFIRMATIVE DEFENSE

Defendants made no promises to plaintiff, verbal, written or otherwise.

## TENTH AFFIRMATIVE DEFENSE

Defendants did not violate any duty owed to plaintiff.

## ELEVENTH AFFIRMATIVE DEFENSE

Plaintiff's Complaint fails to state a cause of action upon which relief can be granted.

## TWELFTH AFFIRMATIVE DEFENSE

Plaintiff failed to mitigate his damages.

## THIRTEENTH AFFIRMATIVE DEFENSE

Defendants took no action in violation of the New Jersey Law Against Discrimination, N.J.S.A. 10:5-1, et seq.

## FOURTEENTH AFFIRMATIVE DEFENSE

Each and every employment decision made affecting plaintiff was taken for legitimate non-discriminatory reasons.

## FIFTEENTH AFFIRMATIVE DEFENSE

Defendants took no action against plaintiff because of his race or age.

## SIXTEENTH AFFIRMATIVE DEFENSE

Defendants did not discriminate against plaintiff because of his race or age.

## SEVENTEENTH AFFIRMATIVE DEFENSE

Defendants owed no duty to plaintiff at the time of the incident alleged in the Complaint and, if any duty was owed, such duty was not breached.

## EIGHTEENTH AFFIRMATIVE DEFENSE

Defendants acted in good faith without malice or malicious intent.

## NINETEENTH AFFIRMATIVE DEFENSE

Defendants specifically deny being liable for punitive damages.

## TWENTIETH AFFIRMATIVE DEFENSE

Plaintiff's claim for punitive damages violates these defendants' rights to procedural due process under the Fourteenth Amendment of the United States Constitution and the Constitution of the State of New Jersey and, therefore, fails to state a cause of action upon which relief can be granted.

## TWENTY-FIRST AFFIRMATIVE DEFENSE

Plaintiff's claim for punitive damages violates these defendants' right to protection from excessive fines as provided in the Eighth Amendment of the United States Constitution and the Constitution of the State of New Jersey and violates this defendant's right to substantive due process as provided in the Fifth and Fourteenth Amendments of the United States Constitution and the Constitution of the State of New Jersey. Therefore, plaintiff's Complaint fails to state a cause of action upon which relief can be granted.

## TWENTY-SECOND AFFIRMATIVE DEFENSE

Defendants took no action in violation of Title VII.

## TWENTY-THIRD AFFIRMATIVE DEFENSE

Plaintiff's Complaint is barred by the Doctrine of Waiver.

## TWENTY-FOURTH AFFIRMATIVE DEFENSE

Defendants took no action affecting plaintiff in violation of any public policy of the State of New Jersey.

## TWENTY-FIFTH AFFIRMATIVE DEFENSE

Plaintiff's constitutional claims are barred because the actions of this defendant do not constitute state action.

## TWENTY-SIXTH AFFIRMATIVE DEFENSE

Plaintiff's Complaint constitutes a frivolous action.

## DESIGNATION OF TRIAL COUNSEL

Defendants, Paul Tom and Sentel Corporation designate Ellen M. Boyle as trial counsel.

DALY, LAMASTRA, CUNNINGHAM,
 KIRMSER & SKINNER
Attorneys for Defendants
Paul Tom and Sentel Corporation

*Ellen M. Boyle*
_____
Ellen M. Boyle

DATED: April 1, 2016

## CERTIFICATION OF MAILING

Jennie Lis, of full age certifies that:

(1)  That I am a secretary in the office of DALY, LAMASTRA, CUNNINGHAM, KIRMSER & SKINNER, attorneys for the Defendants, Paul Tom and Sentel Corporation in this action.

(2)  On April 1, 2016, I caused to be filed and served, via ECF – Electronic Filing, the within Answer to the Complaint.

_____
Jennie Lis